770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT P. GETTYS, DEFENDANT-APPELLANT,
v.
JAMES SNELLING, PLAINTIFF-APPELLEE.
 NO. 83-5658
 United States Court of Appeals, Sixth Circuit.
 7/2/85
 
 Before: LIVELY, Chief Circuit Judge; KRUPANSKY, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case represents a dispute between an attorney and his client over the disposition of the settlement fund in a Jones Act[1] action, and comes to us on appeal from the United States District Court for the Eastern District of Kentucky. Plaintiff-appellee James Snelling suffered injuries while working on a barge, and retained attorney Robert P. Gettys, defendant-appellant in this action, to represent him in a Jones Act claim. This case was settled and the settlement was approved by the United States District Court for the Eastern District of Kentucky, in which the Jones Act claim had been pending. The settlement funds were remitted to Gettys for distribution.
 
 
 2
 A brief summary of the facts discloses the following sequence of events. In 1978, Gettys, acting as attorney for Snelling, filed an admiralty tort action in the Eastern District of Kentucky against Columbia Marine Service, Inc., and Sioux City New Orleans Barge Line, Inc. On June 20, 1980, Columbia Marine settled the claim against it for the sum of $150,000.00 and on August 28, 1980, Sioux City settled the claim against it with a payment of $27,500.00. The district court thereafter dismissed the action against both companies.
 
 
 3
 The district court approved the payment of $59,160.00 to Gettys as an award of attorneys fees, together with an additional $3,376.48 as expenses incurred as a result of prosecuting the admiralty actions. At that time, Gettys, with the approval of Snelling, retained from the balance of $114,963.52 the amount of $32,500.00 representing legal fees accrued as a result of legal representation provided Snelling in unrelated state court proceedings. Snelling also paid Gettys the sum of $7,000.00 which had been advanced to him as a personal loan.
 
 
 4
 Two years subsequent to the final disposition of the admiralty tort actions and the disbursements of the funds, and after having moved from the state and after having dissipated the entire amount of the settlements received, Snelling was arrested for failing to pay approximately $30,000.00 as alimony arrearages to his former wife. At that late date, Snelling filed a motion for an accounting against Gettys in the federal district court which had supervised the settlement of the admiralty action seeking to direct Gettys to explain why he was withholding the disputed funds to which Snelling claimed title. Although Snelling and Gettys were non-diverse parties and the fundamental dispute was over payment in non-federal litigation, a magistrate recommended that the court exercise ancillary jurisdiction over the settlement fund because of the traditional status of seamen as wards of admiralty. The magistrate further found that the fees Gettys was claiming were excessive, and recommended that Gettys be directed to pay Snelling $20,369.50. The court accepted the magistrate's report and directed Gettys to pay Snelling the sum the magistrate had recommended. Gettys then appealed to this court, asserting that the dispute was not within the ancillary jurisdiction of the district court and that the court's findings of fact as to the excessive nature of the claimed fees were clearly erroneous.
 
 
 5
 Whether a dispute between a seaman and his lawyer over legal fees in a non-federal matter is properly a matter for federal jurisdiction, where the dispute affects the seaman's rights under a settlement approved by a federal court sitting in admiralty, presents a difficult question. On the one hand, it is the general rule that federal courts do not have ancillary jurisdiction to determine the amount of fees owed an attorney by his client in matters unrelated to federal litigation, simply because the attorney also represented the client in federal court. Jenkins v. Weinstock, 670 F.2d 915, 919 (10th Cir. 1982). On the other hand, the relationship between seamen and the federal courts is paternalistic in nature, and requires an extreme solicitude on the part of the court for the rights of seamen. See, e.g., Isbrandtsen Co. v. Johnson, 343 U.S. 779 (1952); Garrett v. Moore-McCormack Co., 317 U.S. 239 (1942); see generally, G. Gilmore and C. Black, The Law of Admiralty Sec. 6 (2d ed. 1975).
 
 
 6
 However, we do not reach that issue because a more fundamental jurisdictional question is presented by this case. After the district court issued its order and after the appeal was filed, Gettys learned that Snelling had apparently assigned his rights in any recovery to his ex-wife. Snelling does not deny having made the assignment. This circumstance raises obvious questions as to whether Snelling is any longer a party in interest to this controversy. It is a fundamental axiom that a lawsuit may not be maintained by a party who lacks an actual interest in its outcome. U. S. Const. art. III, Sec. 2, cl. 1 (limiting federal jurisdiction to actual cases and controversies); see, e.g., Sierra Club v. Morton, 405 U.S. 727 (1972); Flast v. Cohen, 392 U.S. 83 (1968); Baker v. Carr, 369 U.S. 186 (1962). We hold, then, that a determination of whether this case presents a live controversy between Snelling and Gettys is a prerequisite to any further exercise of federal jurisdiction. This determination should be made in the first instance by the district court, which stands in the best position to verify the underlying facts. Accordingly, we reverse the entry of judgment for Snelling, and remand for a determination of whether this case presents an actual case or controversy.
 
 
 
 [1]
 The Jones Act, establishing a seaman's right to a jury trial in personal injury claims arising from his employment, is codified at 46 U.S.C. Sec. 688 (1982)